UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
OCT 29 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Adly Messiha,     )
                  )
    Plaintiff,    )
                  )
        v.        )   Civil Action No. 14-1812 UNA
                  )
ICSID,            )
                  )
    Defendant.    )
                  )

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff is a resident of New York, New York, suing the International Centre for Settlement of Investment Disputes (ICSID) based in the District of Columbia. ICSID has ties to the World Bank but "is an autonomous international institution" with the "primary purpose" of "provid[ing] facilities for conciliation and arbitration of international investment disputes." https://icsid.worldbank.org (About ICSID). Such disputes are initiated by filing a request for arbitration or conciliation "accompanied by the payment to the Centre of a non-refundable fee" of $25,000, which is set forth in the Centre's Schedule of Fees. *Id.* (How to File a Request).

Plaintiff alleges that defendant has refused to "take my case documents" without the lodging fee and seeks an order to compel ICSID to take the request without payment. Plaintiff does not state the basis of federal court jurisdiction. Regardless, the law is clear that "federal

1

courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Hagans v. Lavine*, 415 U.S. 528, 536-7 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *accord Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) ("A complaint may be dismissed on jurisdictional grounds when it "is 'patently insubstantial,' presenting no federal question suitable for decision.") (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)). The instant complaint satisfies this standard and, therefore, will be dismissed. A separate order accompanies this Memorandum Opinion.

/s/ _____
United States District Judge

DATE: October 27, 2014